ROTHENBERG, J.
Pedro Goicochea (“Goicochea”) seeks certiorari review of the trial court’s non-final order that “sustained” Meena Lopez’s (“Plaintiff’) motion for a protective order and limited Goicochea and the other co-defendants to a single independent medical examination (“IME”) “per [medical] specialty.” We grant the petition for writ of certiorari and quash the order under review.
The Plaintiff sued several defendants, including Goicochea, for alleged injuries she sustained during three separate and unrelated automobile accidents that occurred in July 2007, November 2007, and January 2009. The Plaintiff alleged in her complaint that her injuries from these three accidents are “indivisible and superimposed upon one another and the Plaintiff is unable to apportion her damages between them.” Goicochea denied these allegations.
Goicochea, who was one of the drivers involved in the November 2007 accident, requested that the Plaintiff submit to an orthopedic IME by Dr. Phillip Lozman pursuant to Florida Rule of Civil Procedure 1.360(a)(1)(A).[1] Thereafter, two of the defendants that were sued for the July 2007 accident — Maria Machado and Luis Delgado — filed a request for the Plaintiff to submit to an orthopedic IME by Dr. Rolando Garcia under the same provision.
In response to the requests for IMEs, the Plaintiff filed a motion for a protective order, seeking to limit all defendants to one orthopedic IME under rule 1.360. In support of her position, the Plaintiff cited Royal Caribbean Cruises, Ltd. v. Cox, 974 So.2d 462, 465 (Fla. 3d DCA 2008), which held: “[W]hen a defendant requests a subsequent IME, the defendant should make a stronger showing of necessity before the request is authorized.” The trial court ruled that the motion is “sustained as to *1104 one (1) IME per [medical] specialty.” Goi-cochea’s petition for writ of certiorari followed.
Goicochea argues that the trial court departed from the essential requirements of law by limiting all defendants to a single IME per specialty, and that this departure will subject him to irreparable harm that cannot be remedied on appeal. We agree.
The Plaintiffs reliance on Cox when seeking to limit the defendants’ collective IMEs to one per specialty was misplaced, as Cox is clearly distinguishable from the instant case. In Cox, the same defendant, Royal Caribbean Cruises, Ltd. (“RCCL”), sought to subject Cox to a second IME by its orthopedic expert, Dr. Wilkerson, after Cox underwent a second surgery on his left shoulder. In response, Cox argued that rule 1.360 does not allow multiple examination for the same injury. The trial court denied RCCL’s request for the second orthopedic IME, and, thereafter, RCCL petitioned this Court for a writ of certiorari. This Court granted the petition and stated:
In a negligence action where a plaintiff asserts that he or she has sustained mental or physical injuries, the defendant’s good cause for conducting the initial IME is normally shown without any further inquiry. However, when a defendant requests a subsequent IME, the defendant should make a stronger showing of necessity before that request is authorized.
Cox, 974 So.2d at 465 (citation omitted). This Court ultimately concluded that “because Cox’s physical condition underwent a substantial change after Dr. Wilkerson’s first IME, RCCL has proven good cause for requesting and conducting another IME.”
Unlike Cox, the same defendant has not requested that the Plaintiff submit to a second orthopedic IME. Rather, entirely separate codefendants, who are adverse to each other based on the allegations set forth in the Plaintiffs complaint, have requested that the Plaintiff submit to their own orthopedic IME under rule 1.860. As stated earlier, the Plaintiff sued several defendants for injuries she allegedly sustained during three separate and unrelated automobile accidents, alleging that her injuries are “indivisible” and she “is unable to apportion her damages between” the numerous defendants. Based on these allegations, the Plaintiff has pitted codefen-dant against codefendant, with each code-fendant attempting to establish that the Plaintiffs alleged injuries are not a result of their specific negligence, but are instead attributable to at least one of the other two automobile accidents. Therefore, because the defendants in this case are adverse to each other, the trial court departed from the essential requirements of law by limiting all defendants to a single shared “IME per specialty,” thereby failing to afford Goicochea and the other defendants the benefit of rule 1.360(a)(1)(A). Further, the trial court’s departure will subject Goico-chea to irreparable harm that cannot be remedied on appeal. Cox, 974 So.2d at 465-68. Accordingly, we grant the petition for writ of certiorari and quash the order under review.
Petition granted; order quashed.

. Florida Rule of Civil Procedure 1.360 provides in relevant part as follows:
Rule 1.360. Examination of Persons (a) Request; Scope.
(1) A party may request any other party to submit to, or to produce a person in that other party's custody or legal control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.
(A) When the physical condition of a party or other person under subdivision (a)(1) is in controversy, the request may be served on the plaintiff without leave of court after commencement of the action ....